UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAZE ROBERT DOWNEY,

    Plaintiff,

        v.                          CAUSE NO. 3:21-CV-131-JD-MGG

INDIANA DEPT. OF CORRECTION,
et al.,

    Defendants.

## OPINION AND ORDER

Blaze Robert Downey, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Nevertheless, the court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Downey claims that he arrived at Miami Correctional Facility ("MCF") in October 2019. Within a matter of days, he was threatened by other inmates that he would be killed or severely beaten if he did not leave. He made repeated requests for protective custody but was denied. Ultimately, in March 2020, he was stabbed and beaten by other inmates. As a result of the attack he lost three teeth and was in the infirmary for several weeks. After being released from the infirmary, he was placed back in the same cell despite his protests that he was still in danger. His family

contacted an attorney, who in turn contacted the office of Warden William Hyatte. Mr. Downey claims that the Warden decided to move him to another unit of the prison but would not put him in protective custody. After two days in his new cell, he was beaten and stabbed by a group of inmates. Thereafter, the Warden finally placed him in segregation for his protection, and he has since been transferred to Indiana State Prison. Based on these events, he sues the Warden, the Indiana Department of Correction, and the "Medical Department [of] Miami Prison," seeking damages related to his emotional and physical suffering. (ECF 1 at 1.)

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

It is not clear that the Warden had any personal involvement in these events until after the first attack, but giving Mr. Downey the inferences to which he is entitled at this stage, he alleges that the Warden had direct knowledge that he had been severely

2

beaten by other inmates, and that he remained concerned for his safety. Yet the Warden allegedly refused to place in him protective custody and would only move him to another part of the prison. After being moved, he was attacked again within a few days. He will be permitted to proceed on a claim for damages against this defendant.[1] The court notes that Mr. Downey did not provide the Warden's full name in the complaint, and instead refers to the "Warden" generally, but it can be discerned that he is referring to Warden William Hyatte. Accordingly, the Warden's full name will be added to the docket.

As for the two remaining defendants, the Eleventh Amendment bars his claim against the Indiana Department of Correction. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Likewise, the "Medical Department [of] Miami Prison" is a department within the prison, not a person or a policy-making body that can be sued for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Mr. Downey does not identify any individuals involved with his medical care, nor does he provide any factual content describing how his medical care was constitutionally inadequate. These defendants will be dismissed.

For these reasons, the court:

(1) DIRECTS the clerk to add Warden William Hyatte as a defendant;

---

[1] Any claim for injunctive relief against the Warden would be moot since Mr. Downey is no longer incarcerated at MCF. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

3

(2) GRANTS the plaintiff leave to proceed against Warden Hyatte in his personal capacity for monetary damages for failing to protect him from attack by other inmates in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Miami Prison Warden, Indiana Department of Correction, and Medical Department Miami Prison as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden William Hyatte and to send him a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Warden William Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT