UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLAZE ROBERT DOWNEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-131-JD-MGG |
| WILLIAM HYATTE, | |
| Defendant. | |

OPINION AND ORDER

Blaze Robert Downey, a prisoner without a lawyer, filed this action under 42 U.S.C. § 1983. He was granted leave to proceed on a claim against Miami Correctional Facility ("MCF") Warden William Hyatte for failing to protect him from attacks by other inmates in July and August 2020. (ECF 7.) The Warden moves for summary judgment on the ground that Mr. Downey did not exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF 22.) Mr. Downey filed a response in opposition to the motion (ECF 37), and the Warden filed a reply thereto (ECF 39). The matter is now ripe for adjudication.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party,

and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendant has the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

At the same time, inmates are only required to exhaust administrative remedies that are actually available. *Woodford*, 548 U.S. at 102. The availability of a remedy is not a matter of what appears on paper, but rather, whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison

2

employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

It is undisputed that at all relevant times, MCF had a grievance process in place consisting of three steps: (1) a formal grievance; (2) a written appeal to the warden or his designee; and (3) a written appeal to the Indiana Department of Correction grievance manager. (ECF 22–2 at 3.) The parties agree that Mr. Downey filed a formal grievance on August 14, 2020, complaining that he had been attacked by other inmates and that the Warden and other prison staff, including individuals in the internal affairs department, were not doing anything to protect him. (ECF 22-3 at 4.) He requested a transfer to another facility. (*Id.*) On September 8, 2020, Grievance Specialist Shawna Morson responded to his grievance as follows:

> While looking into this matter, Internal Affairs Investigator L. Harbaugh was contacted. She stated, 'Josh Snow met with this offender last week. There was a request for transfer sent to the Warden yesterday. So, he has spoken with us.' You have spoken to [Internal Affairs]. The results are not always immediate. Paperwork has been submitted regarding a transfer. If you feel you need to speak with Mental Health concerning your fears, you can submit a Health Care Request Form.

(ECF 22-3 at 2.) The transfer request was subsequently approved, and Mr. Downey was transferred to a different correctional facility. (*See* ECF 33-1 at 4; ECF 1 at 1.)

The Warden argues, however, that Mr. Downey did not properly exhaust his administrative remedies because he did not appeal after Ms. Morson responded to his grievance. (ECF 23 at 5-6.) However, in *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), the Seventh Circuit rejected the notion that an inmate is required to file an appeal where his original grievance results in the relief he is seeking. There, the inmate complained

3

about the poor condition of his mattress and was given a new mattress in response to his grievance. *Id.* at 695. The Circuit held, "Unlike the defendants . . . we do not take the requirement to exhaust 'all available' remedies to mean Thornton must appeal grievances that were resolved as he requested and where money damages were not available." *Id.* The court finds this holding dispositive. Like the inmate in *Thornton*, the grievance response provided to Mr. Downey reflected that he was being granted the relief he sought: a transfer to a different correctional facility. It is also undisputed that Mr. Downey could not obtain money damages through the grievance process. (*See* ECF 22-2 at 7.) Under these circumstances, he was not required to file an appeal.

In his filings, the Warden repeatedly characterizes Ms. Morson's response as a "denial" that required an appeal. (*See* ECF 22-1 ¶ 29 ("Downey failed to submit a formal appeal after the *denial* of his initial grievance.") (emphasis added); ECF 23 at 2 (grievance was "*denied* and returned to him on September 8, 2020") (emphasis added).) However, the court is required to construe all facts and reasonable inferences arising therefrom in Mr. Downey's favor. *Dunn*, 880 F.3d at 905. Notwithstanding the Warden's characterization, the grievance response report contained in the record does not mention anywhere that the grievance was being "denied." (*See* ECF 22-3 at 2.) As stated above, the grievance response plainly informed Mr. Downey that a transfer was in process. Under those circumstances, there was no reason for him to appeal. *See Thornton*, 428 F.3d at 695; *see also Ortiz v. McBride*, 380 F.3d 649, 653 (2nd Cir. 2004) (inmate not required to file grievance appeal where he obtained relief in connection with due process claim at first level of grievance process).

4

In fact, it would be counterintuitive to require an appeal under these circumstances. As another court in this Circuit observed in rejecting an argument similar to the Warden's:

> [D]efendants are essentially arguing that prisoners must file appeals of inmate complaints that are . . . resolved in their favor . . . . No reasonable prison official would want a prisoner to file appeals in such circumstances, after an issue has been resolved. At that point, the grievance has served the primary purposes of § 1997e(a), to give prison officials notice of the prisoner's problem and give them an opportunity to resolve it before a lawsuit is filed.

*Carroll v. Chapman*, No. 17-CV-137-BBC, 2017 WL 6622802, at *2 (W.D. Wis. Dec. 28, 2017). Based on the record, the Warden has not demonstrated an entitlement to summary judgment under 42 U.S.C. § 1997e(a).[1] *See Jones*, 549 U.S. at 216.

For these reasons, the motion for summary judgment (ECF 22) is DENIED.

SO ORDERED on February 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that Mr. Downey argues in his response that he filed other grievances about these events that were ignored or lost. (ECF 37 at 3.) The Warden disputes this (ECF 39), but because the August 2020 grievance satisfied the exhaustion requirement, it is unnecessary to explore this matter further.